IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH  DIVISION

BRIGHETTA JONES a/k/a FLYNN                                              PLAINTIFF


     v.                                   CASE NO.        11-2217


MICHAEL J. ASTRUE, Commissioner
of Social Security Administration                                        DEFENDANT

## MEMORANDUM OPINION

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) and supplemental security income ("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).


I.     **Procedural Background:**

The plaintiff filed her applications for DIB and SSI on JULY 14, 2009 (T. 99), alleging an onset date of October 10, 2008, due to plaintiff's Epilepsy and Brain Tumor (T. 141). Plaintiff's applications were denied initially and on reconsideration.  Plaintiff then requested an administrative hearing, which was held on May 7, 2010.  Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was 37 years of age and possessed a High School Education with some college.  The Plaintiff  had past relevant work ("PRW")

experience as a LPN  (T. 142).

On August 6, 2010, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's Epilepsy did not meet or equal any Appendix 1 listing.  T. 13 .  The ALJ found that plaintiff maintained the residual functional capacity ("RFC") to perform a full range of medium work  T. 14 .  The ALJ then determined Plaintiff could perform her past relevant work as a LPN .  T. 17.

## II.   Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).  Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Id.*  "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision."  *Id.*  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary."  *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  *Pearsall v.*

*Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A).

The Act defines "physical or mental impairment" as "an impairment that results from anatomical,

physiological, or psychological abnormalities which are demonstrable by medically acceptable

clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff

must show that his disability, not simply his impairment, has lasted for at least twelve

consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation

process to each claim for disability benefits. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if

the final stage is reached does the fact finder consider the plaintiff's age, education, and work

experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d

1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

## III.   **Discussion**:

The ALJ determined that the Plaintiff had a severe impairment of a seizure disorder but

that the impairments or combinations of impairments did not meet or medically equal a listed

impairment. The Plaintiff does not dispute this finding.

The ALJ then determined that the Plaintiff retained the RFC to perform a full range of

medium work. (T. 14). Medium work involves lifting no more than 50 pounds at a time with

frequent lifting or carrying of objects weighing up to 25 pounds. 20 CFR 404.1567(c). After

partially discounting the Plaintiff's credibility the ALJ determined that the Plaintiff was capable

of performing her past relevant work as an LPN as normally performed. (T. 17).

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §

404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See*

*Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

The VE testified that an individual cannot sustain gainful employment if they are going to miss more than one day per month of work. (T. 48). The Plaintiff's treating physician, Dr. Knubley, provided a Residential Functional Capacity Questionnaire on June 7, 2010 which stated that the Plaintiff would be expected to miss four days of work per month because of her seizures. (T. 373).

A treating physician's opinion "is entitled to substantial weight 'unless it is unsupported by medically acceptable clinical or diagnostic data.'" *Perks*, 687 F.3d at 1093-94 (*quoting Kirby v. Sullivan*, 923 F.2d 1323, 1328 (8th Cir. 1991)). In addition to being a treating physician Dr. Knubley is a Board Certified Neurologist. Opinions of specialists on issues within their areas of

-4-

expertise are "generally" entitled to more weight than the opinions of non-specialists. See 20 C.F.R. §§ 404.1527(d)(5), 416.927(d)(5). *Guilliams v. Barnhart* 393 F.3d 798, 803 (C.A.8 (Mo.),2005), 20 C.F.R. § 404.1527.

These opinions are not automatically controlling, however, because the record must be evaluated as a whole. *Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir.2005). The court can uphold an ALJ's decision to discount or even disregard the opinion of a treating physician where "other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." Id. at 920-21 (internal quotations omitted).

The ALJ totally discounts the opinion of the treating physician and found that his opinion was inconsistent with the evidence.  The ALJ stated that the Plaintiff's seizures were "well controlled" with medication. (T. 16, 205, 223).  Dr. Knubley first saw the Plaintiff on January 17, 2008 as a result of a reported 4 seizures within the last month that were tonic to tonic-clonic.[1] (T. 212). Theses seizures were independently observed by medical professionals. (T. 209). The Plaintiff was on Keppra[2] 500 mg 2x/day at the time of these seizures. A followup visit with Dr. Knubley on February 18, 2008 resulted in his increasing the Plaintiff's prescription to Keppra

---

[1]  Tonic seizures. These seizures cause stiffening of the muscles, generally those in your back, arms and legs and may cause you to fall to the ground.  Clonic seizures. These types of seizures are associated with rhythmic, jerking muscle contractions, usually affecting the arms, neck and face.  Tonic-clonic seizures (also called grand mal). The most intense of all types of seizures, these are characterized by a loss of consciousness, body stiffening and shaking, and sometimes loss of bladder control or biting your tongue.  See www.mayoclinic.com

[2]  Keppra (levetiracetam) is an anti-epileptic drug, also called an anticonvulsant and it is used to treat partial onset seizures in adults and children who are at least 1 month old.  Keppra is also used to treat tonic-clonic seizures in adults and children who are at least 6 years old, and myoclonic seizures in adults and children who are at least 12 years old.  See www.drugs.com.

750 mg 2x/day. (T. 208).  When Dr. Knubley saw the Plaintiff again on September 26, 2008 he

increased her prescription to Keppra 1000 mg 2x/day. (T. 2006).  It is difficult to understand how

the ALJ determined that the Plaintiff's seizures were "well controlled" when the medication

continued to be increased.  In addition it is impossible to understand what is meant by "well

controlled" or how that relates to the number of days per month the Plaintiff could be expected to

miss.  Dr. Knubley, the Plaintiff's treating physician and a Board Certified Neurologist, felt that

her medical condition, notwithstanding her medication,  would cause the Plaintiff to miss 4 days

of work per month.

The Defendant requested Medical Advice concerning the Plaintiff's RFC on July 29,

2009 (T. 236) which was provided by Dr. Jerry Thomas on the same day which found her to be

"non severe". (T. 239).  Dr. Thomas' opinion was reviewed and affirmed by Dr. Payne on August

25, 2009. (T. 242).  There is no opinion from the non-examining consultive physicians

concerning how many days of work during a month the Plaintiff would be expected to miss

because of her seizures. We have stated many times that the results of a one-time medical

evaluation do not constitute substantial evidence on which the ALJ can permissibly base his

decision. *See, e.g., Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir.1999) (stating that the opinion of

a consultative physician does not generally satisfy the substantial evidence requirement). This is

especially true when the consultative physician is the only examining doctor to contradict the

treating physician. Id.; *Cox v. Barnhart,*  345 F.3d 606, 610 (C.A.8 (Ark.),2003)

There is no bright line rule indicating when the Commissioner has or has not adequately

developed the record; rather, such an assessment is made on a case-by-case basis. *Battles v.*

*Shalala*, 36 F.3d 43 at 45 (C.A.8 (Ark.), 1994).  That duty may include seeking clarification from

treating physicians if a crucial issue is undeveloped or underdeveloped. Id.;  *Smith v. Barnhart* 435 F.3d 926, 930 (C.A.8 (Ark.),2006).  If the ALJ felt that there was some inconsistency between the medical record and the treating physicians opinion concerning the number of days of work the Plaintiff would miss as a result of her condition the ALJ should have directed interrogatories to the treating physician or sought a medical consultive examination that would have addressed that concern.

Remand is necessary to allow the ALJ to further develop the record concerning the medical opinion of the number of days per month the Plaintiff's severe impairment of seizure disorder will cause her to miss work.

## IV.    Conclusion:

Accordingly, the court finds that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration.

Dated  this October 17,  2012.

/s/ J. Marschewski

HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE